IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK M. WILLIAMS,

                    Plaintiff,

            v.                                                OPINION and ORDER

LARRY FUCHS, KELLI WEST, MARK TESLIK,                                22-cv-396-jdp
DONNA MCMARTIN, and ASHLEY FRIETAG,

                    Defendants.

---

    I allowed pro se plaintiff Derek M. Williams to proceed on free exercise of religion and retaliation claims. Now before the court is defendants' second motion for partial summary judgment, contending that Williams failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA) on one of his free exercise claims. Dkt. 24. I will grant the motion and dismiss that claim.

BACKGROUND

    Williams filed an inmate complaint alleging that defendant Mark Teslik retaliated against him after he complained to Teslik and defendant Donna McMartin about his Ramadan schedule. Dkt. 26-1 at 2. The institution complaint examiner returned the complaint, determining that: (1) Williams didn't attempt to resolve the issue informally before filing the complaint; and (2) the complaint didn't contain only one clearly identified issue. *See id.* (citing Wis. Admin. Code DOC § 310.07(1), (5)). Williams later submitted another inmate complaint in which he stated:

> [I]n a conversation with both Ms. McMartin & Mr. Teslik I presented a complaint about how Mr. Teslik disregarded the legislated religious practices of worship in Islam. Retaliation: Two

> weeks later when Mr. Teslik returned, my scheduled 12:45 pm
> Jumu'ah Salat time was changed & I was no l[o]nger allowed to
> perform the Khutbah and lead the prayer.

Dkt. 17-2 at 10.

The institution complaint examiner recommended dismissing the complaint, determining that Williams had complained about the time of meals being handed out during evening meal rounds for Ramadan. *Id.* at 7. According to the institution complaint examiner, Williams handed the Khutbah back to another prisoner and "just walked back to the unit." *Id.* The institution complaint examiner stated that the way Williams handled his complaint—not the complaint itself—was the problem, and that prison officials were looking for a more positive attitude from the person whom they asked to lead a service. *Id.* The reviewing authority dismissed the complaint. *Id.*

Williams appealed. *Id.* at 14. As relevant here, the appeal states that Teslik retaliated against Williams by pushing back his time to attend Jumu'ah Salat from the 12:45 p.m. time slot because Williams complained to Teslik that the later time slots attracted gang members. The corrections complaint examiner recommended dismissing the appeal, determining that Williams: (1) didn't have an entitlement to lead a service or to be scheduled at a specific time; and (2) had "access and ability to practice his religion." *Id.* at 7. The secretary accepted the corrections complaint examiner's recommendation. *Id.* at 8.

## PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite

2

corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We "take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *See Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections (DOC) maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. After the prisoner has sought to resolve his issue informally, he must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. *See* Wis. Admin. Code DOC § 310.07(1)–(2).

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Defendants contend that Williams failed to exhaust his free exercise claim against Teslik and McMartin, which is based on these allegations:

3

      i.     After Williams complained to Teslik that the delivery time for the morning Ramadan meal was too late, Teslik grew agitated, told Williams to stop complaining, and tried to force Williams to start a religious service early.

      ii.    After Williams complained to Teslik that gang members were disrupting the religious service, Teslik became angry and threatened to tell the gang members about this complaint.

      iii.   McMartin failed to address Williams's complaint that Teslik cared more about the start time of a religious service than gang members' disruption of the service.

      iv.   McMartin failed to address Williams's complaint that he had to start attending the later religious service, which was inadequate compared to the earlier service that he used to attend.

Dkt. 23 at 2.

Defendants have shown that Williams failed to exhaust available administrative remedies on the first allegation. Williams stated in the inmate complaint that his Jumu'ah Salat start time was pushed back, not that Teslik tried to force him to start a religious service early. *See* Dkt. 17-2 at 10, 14. Williams also stated in his complaint that McMartin and Teslik "disregarded the legislated religious practices of worship in Islam." *Id.* at 10. But Williams didn't discuss what this disregard involved. *Id.* No reasonable jurist could conclude that this vague statement notified prison officials that Williams was complaining that Teslik tried to force him to start a religious service early. *See King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) ("Because the allegations in the grievance [did] not support the claim [that the plaintiff] pursued in [his federal] lawsuit, [he] did not give the Jail notice of his claim against [the defendant].").

Defendants have shown that Williams failed to exhaust available administrative remedies on the second allegation underlying his free exercise claim. In relevant part, Williams bases this claim on the allegation that, after he complained to Teslik that gang members were disrupting the religious service, Teslik became angry and threatened to tell the gang members about this complaint. It's plausible that this action—threatening to tell the gang members about Williams's complaint—would substantially burden his religious exercise. *See* Dkt. 8 at 2–4. But Williams didn't raise this issue in his inmate complaint. *See* Dkt. 17-2 at 10. In his appeal, Williams stated that Teslik retaliated against him *by pushing back his time to attend Jumu'ah Salat* because he complained to Teslik that the later time slots attracted gang members. Dkt. 17-2 at 14. Pushing back Teslik's time to attend Jumu'ah Salat is a different action than threatening to tell gang members about Williams's complaint. No reasonable jurist could conclude that this statement from the appeal notified prison officials of Williams's free exercise claim.

Defendants have shown that Williams failed to exhaust available administrative remedies on the third and fourth allegations underlying his free exercise claim. Williams alleges that McMartin failed to address his complaint that Teslik cared more about the start time of a religious service than gang members' disruption of the service. But the inmate complaint and appeal don't mention this allegation. *See* Dkt. 17-2 at 10, 14. Williams further alleges that McMartin failed to address his complaint that he had to start attending the later religious service. In the inmate complaint, Williams stated that he complained to McMartin that Teslik disregarded unspecified religious practices, not that he had to start attending a later religious service. *Id.* at 10. Williams added that his start time was pushed back two weeks after this

complaint to McMartin, which shows that the complaint about unspecified religious practices didn't involve a complaint about the later start time.

In essence, Williams argues that his first, returned inmate complaint included the issues that defendants contend he failed to exhaust. Even if this were true, this complaint wouldn't exhaust these issues because it was returned. *See Pozo*, 286 F.3d at 1025; *Koch*, 902 F.3d at 687. That Williams refiled his complaint and completed the grievance process further shows that administrative remedies were available to him.

Because defendants have shown that Williams failed to exhaust available administrative remedies on the free exercise claim at issue, I will grant their motion for partial summary judgment and dismiss this claim without prejudice.

## ORDER

IT IS ORDERED that:

1. Defendants' second motion for partial summary judgment, Dkt. 24, is GRANTED. The court dismisses without prejudice plaintiff's free exercise claim against defendants Teslik and McMartin based on these allegations:

   - After Williams complained to Teslik that the delivery time for the morning Ramadan meal was too late, Teslik grew agitated, told Williams to stop complaining, and tried to force Williams to start a religious service early.

   - After Williams complained to Teslik that gang members were disrupting the religious service, Teslik became angry and threatened to tell the gang members about this complaint.

   - McMartin failed to address Williams's complaint that Teslik cared more about the start time of a religious service than gang members' disruption of the service.

   - McMartin failed to address Williams's complaint that he had to start attending the later religious service, which was inadequate compared to the earlier service that he used to attend.

2.  The clerk of court is directed to send plaintiff a copy of this order.

Entered December 11, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge